**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 14-4124**

―――――――――

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

ADAM WOMACK, a/k/a Ace,

                Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   John A. Gibney, Jr., District Judge. (3:07-cr-00205-JAG-1)

―――――――――

Submitted:  August 19, 2014       Decided:  August 29, 2014

―――――――――

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Michael S. Nachmanoff, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Carolyn V. Grady, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Jessica D. Aber, Richard D. Cooke, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adam Womack appeals the thirty-six-month sentence imposed upon the revocation of supervised release. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence if it is within the statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In making this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than when conducting reasonableness review for Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find a sentence unreasonable must we decide if it is plainly so. Id. at 657; see also United States v. Bennett, 698 F.3d 194, 200 (4th Cir. 2012). While a district court must explain a revocation sentence, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We reject Womack's claim that the district court did not meaningfully consider the advisory revocation range of

eight-fourteen months.  At the revocation hearing, the court heard arguments of counsel as to what an appropriate sentence would be and was well aware that the sentence proposed by the United States was more than three times the maximum of the policy range.

The court, in its discretion, determined that a sentence within that range would be too low in light of both relevant 18 U.S.C. §§ 3553(a), 3583(e) (2012) factors, which it thoroughly discussed, and, especially, Womack's breach of the court's trust.  See U.S. Sentencing Guidelines Manual ch. 7, pt. A, § 3(b) (2012); United States v. Webb, 738 F.3d at 641.  We find no merit to Womack's claim that his sentence is disproportionately high when compared with offenders who committed Class A release violations and received revocation sentences that were lower than the sentence he received for Class C violations.  Such a comparison is simply not meaningful. See United States v. Chandia, 675 F.3d 329, 342 (4th Cir. 2012).

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3